IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Curtis Phillips,<br><br>    Plaintiff,<br><br>vs.<br><br>Transport Care Services LLC, and Mobility USA LLC,<br><br>    Defendants. | CASE NO.: 2:26-cv-249-RMG<br><br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff Curtis Phillips ("Phillips" or "Plaintiff") by way of this Complaint, brings the below claims against Defendants Transport Care Services LLC ("TCS"), and Mobility USA LLC, ("Mobility") (collectively "Defendants") through his undersigned attorney, he respectfully alleges unto this Honorable Court as follows:

**NATURE OF CLAIM**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other similar situated employees who were not paid overtime in violation of the FLSA.

3. In addition, Plaintiff brings Rule 23 class claims against the Defendants on behalf of himself as well as similarly situated employees for unpaid wages, treble damages, and

1

other relief under the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann § 41-10-10, et seq.

## PARTIES AND JURISDICTION

4. Plaintiff is a resident and citizen of Charleston County, SC.

5. Defendant TCS is a South Carolina limited liability company that conducts business in the Charleston Division and is registered with the South Carolina Secretary of State.

6. Defendant Mobility is a South Carolina limited liability company that conducts business in the Charleston Division and is registered with the South Carolina Secretary of State.

7. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Charleston County.

8. At all times pertinent to this Complaint, Defendants owned an operation and enterprises engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

9. Based upon information and belief, the annual gross sales volume of the Defendants' business was more than $500,000.00 per year at all times material hereto.

10. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants conduct business within this District. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Collective Action Complaint occurred within this District.

## FACTUAL ALLEGATIONS

11. Defendant TCS provides non-emergency medical transportation services primarily for the Department of Veterans Affairs and other government entities.

12. Defendant TCS is headquartered in Columbia, South Carolina, at 121 Executive Center Dr., Suite 113, and operates additional locations in Columbia and North Charleston, South Carolina.

13. In 2024, Defendant rebranded from TCS to Mobility. Both entities share common ownership, management, and operations.

14. Defendants provide services in connection with a government entity or agency. Defendants have more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds.

15. Plaintiff was employed by Defendant as a driver from March of 2022 to July 25, 2025, transporting VA patients to and from medical appointments.

16. Plaintiff and other Drivers were employed primarily to pick up veterans from their homes and transport them back and forth to medical appointments.

17. Defendants paid Plaintiff and other Drivers an hourly rate of pay, compensating Plaintiff at a rate of $14.52 per hour.

18. Upon information and belief, Defendants employ or employed approximately 50 to 200 Drivers who are similarly situated to Plaintiff.

19. Plaintiff and similarly situated Drivers operated vans, including Ford E-350 and Dodge Caravan vehicles all of which had a gross vehicle weight rating of less than 10,000 pounds.

20. Because Plaintiff and similarly situated Drivers operated vehicles with a gross vehicle weight rating of less than 10,000 pounds, they are not subject to regulation by the Secretary of Transportation under 49 U.S.C. § 31502(b).

21. Plaintiff and similarly situated Drivers do not fall within the motor carrier exemption set forth in 29 U.S.C. § 213(b)(1) and are therefore covered, non-exempt employees entitled to overtime compensation under the Fair Labor Standards Act.

22. Pursuant to 29 U.S.C. § 207(a), Plaintiff and similarly situated Drivers were entitled to compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

23. Plaintiff and similarly situated Drivers regularly worked over forty hours in a work week and were not paid overtime wages when they worked in excess of forty hours a week.

24. Plaintiff and similarly situated Drivers recorded their trips and hours worked on Daily Trip Logs, which they submitted to Defendants' Operations Manager.

25. Despite Plaintiff and similarly situated Drivers accurately recording their hours worked on their Daily Trip Logs, Defendants failed to pay Plaintiff and similarly situated Drivers for all time worked and reported.

26. Defendants frequently failed to compensate Plaintiff and similarly situated Drivers for time spent responding to trip assignments that were subsequently canceled, even when Plaintiff had already driven to or was enroute to the pickup location.

27. Plaintiff and similarly situated Drivers often worked through their unpaid meal breaks. Defendants had actual and constructive knowledge that Drivers were working through breaks based on the GPS-equipped tablets Defendants provided to track Drivers' time and locations. Defendants nonetheless automatically deducted one hour for meal breaks from their pay.

28. As a result of Defendants' unlawful pay practices, Plaintiff and similarly situated Drivers regularly worked between 3 and 10 hours per week for which they were not compensated.

29. As a result of Defendants' failure to compensate Plaintiff for all hours worked, Plaintiff was not paid overtime for hours worked in excess of 40 hours per week, and was not paid straight-time wages for compensable hours worked within the 40-hour threshold.

30. Defendants' violations of the FLSA were willful. Defendants had actual knowledge that Plaintiff and similarly situated Drivers were working through meal breaks and were not being paid for all compensable time, as evidenced by the GPS-tracked tablets and the Daily Trip Logs submitted to Defendants' management.

31. As a result of Defendants improper and willful failure to pay Plaintiff and other similarly situated Drivers in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

32. Defendants also willfully violated the SCPWA by failing to Plaintiff and similarly situated Drivers all their wages.

## CLASS ACTION ALLEGATIONS UNDER RULE 23

33. Plaintiff brings this action as an opt-out Class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class of employees who were employed by Defendants within three (3) years prior to the filing of this lawsuit and who had their rights violated under the South Carolina Payment of Wages Act ("SCPWA").

34. The Class consists of:

*All current and former hourly-paid Drivers employed by Defendants who were not compensated for all time worked, including but not limited to time spent working through unpaid meal breaks, responding to canceled trip assignments, and other compensable work activities, during the applicable statute of limitations period. ("Class Members")*

35. Upon information and belief, this action satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as alleged in the following particulars:

    a.    The proposed Class is so numerous that joinder of all individual Members in this action is impracticable. Upon information and belief, Defendants employed between 50 and 200 Drivers during the relevant time period.

    b.    There are questions of law and fact common to the Members of the proposed Class, including but not limited to:

        i.    Whether Defendants failed to compensate Class Members for all hours worked;
        ii.    Whether Defendants unlawfully deducted meal breaks when Class Members worked through those breaks;
        iii.    Whether Defendants failed to compensate Class Members for canceled trip assignments;
        iv.    Whether Defendants' conduct violated the SCPWA;

36.    The claims of Plaintiff, as representative of the proposed Class, are typical of the claims of the Class Members, as Plaintiff and all Class Members were subjected to Defendants' common policies and practices regarding compensation for time worked.

37.    Plaintiff, as representative of the proposed Class, will fairly and adequately protect the interests of the Class.

38.    Plaintiff has retained counsel experienced in wage and hour Class action litigation and has no interests antagonistic to those of the Class.

### FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

39.    Plaintiff and similarly situated Drivers, reallege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

40.    FLSA requires Defendants to pay Plaintiff and similarly situated Drivers one-and-a-half times their regular rate of pay when they work hours in excess of forty hours in a work week.

41. Plaintiff and other similarly situated Drivers regularly performed compensable work, including working through meal breaks and responding to trip assignments, for which they were not compensated.

42. As a result, Plaintiff and similarly situated Drivers were not paid overtime wages for hours worked in excess of forty (40) hours per week, and were not paid straight-time wages for compensable hours worked within the forty-hour workweek, all in violation of the FLSA.

43. Through their common policies, practices, and actions, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and other similarly situated Drivers for all actual hours worked, including overtime hours worked

44. Plaintiff and similarly situated Drivers are entitled to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

**FOR A SECOND CAUSE OF ACTION**
(South Carolina Payment of Wages Act)
(Individual and Collective Action)

45. Plaintiff and similarly situated Drivers, reallege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Plaintiff and similarly situated Drivers seek to recover all their unpaid wages. During work weeks when Plaintiff and Class Members worked less than forty (40) hours but performed off-the-clock work, they seek to recover their regular hourly rate for all such uncompensated time.

47. Defendants are an "employers" as defined by S.C. Code § 41-10-10(1).

48. Defendants failed to pay "wages," as defined by S.C. Code § 41-10-10(2), and pursuant to Plaintiff's employment agreement.

7

49. Defendants violated Plaintiff's and Class Members' employment agreements and the South Carolina Payment of Wages Act by not compensating Plaintiff and similarly situated Drivers for the compensable work they performed during work weeks with less than forty (40) hours.

50. Plaintiff and Class Members are owed wages pursuant to the South Carolina Payment of Wages Act because Defendant did not pay Plaintiff and Class Members their wages due per their employment agreements.

51. Defendant refused to pay Plaintiff and similarly situated Drivers all wages due, as required by S.C. Code §§ 41-10-40 and 41-10-50.

52. Pursuant to S.C. Code § 41-10-80(C), Plaintiff and Class Members are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, plus costs and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated Drivers who join this action demand:

a. Designation of this action as a collective action on behalf of the FLSA collective Class pursuant to 29 U.S.C. § 216 (b);

b. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rates;

c. Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

d. Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiffs;

e. Treble damages pursuant to the South Carolina Payment of Wages Act

f. Leave to add additional plaintiffs by motion, the filing of written consent forms; or any other method approved by the Court;

g. Injunctive relief to require Defendants to comply with the FLSA and pay Plaintiff and all similarly situated Drivers for all time worked.

h. Injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiff and similarly situated Drivers to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA;

i. Attorneys' fees and costs; and

j. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Curtis Phillips on behalf of himself and all other similarly situated employees hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
4900 O'Hear Ave Ste 100 & 200
North Charleston, South Carolina 29405
Phone (843) 588-5587
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

January 23, 2026
Charleston, South Carolina.